UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Corey Sipkin Photography LLC,

        Plaintiff,

        v.

Knup Solutions LLC,

        Defendant.

Case No:

## COMPLAINT

Plaintiff Corey Sipkin Photography LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Knup Solutions LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff owns the rights to certain photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant is a sports media company which owns and operates a website at URL: www.knupsports.com ("Website 1") and URL: www.baseballspotlight.com ("Website 2") (collectively referred to hereinafter as the "*Websites*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's photographs on the Websites and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Corey Sipkin Photography LLC is a New York limited liability company and maintains its principal place of business in Kings County, New York.

6. On information and belief, Defendant Knup Solutions LLC, is a Florida limited liability company with a principal place of business at 11110 Shady Oaks Street, Orlando in Orange County, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.   Plaintiff's Copyright Ownership**

10. Plaintiff is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On May 18, 2021, Corey Sipkin authored a photograph of Kyrie Irving and Jayson Tatum playing in an NBA basketball game (the "*Photograph* 1"). A copy

of Photograph 1 is attached hereto as <u>Exhibit 1</u>.

15. In creating Photograph 1, Corey Sipkin personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

16. On June 23, 2021, the Photograph was registered by the USCO under Registration No. VA 2-257-289.

17. Thereafter, Plaintiff acquired the rights to the Photograph by way of written assignment.

18. On August 10, 2021, Plaintiff authored a photograph of the former New York Mets general manager Zack Scott (the "*Photograph* 2"). A copy of Photograph 2 is attached hereto as <u>Exhibit 1</u>.

19. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

20. On September 22, 2021, Photograph 2 was registered by the USCO under Registration No. VA 2-272-229.

21. On August 10, 2021, Plaintiff authored a photograph of Los Angeles Dodgers pitcher Noah Syndergaard (the "*Photograph* 3"). A copy of Photograph 3 is attached hereto as <u>Exhibit 1</u>.

22. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

23. On September 22, 2021, Photograph 3 was registered by the USCO under Registration No. VA 2-272-229.

24. Plaintiff created Photographs 1, 2, and 3 (hereinafter the "*Photographs*") with the intention of them being used commercially and for the purpose of display and/or public distribution.

25. Plaintiff published Photograph 2 and 3 by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

26. Defendant is the registered owner of the Websites and is responsible for their content.

27. The Websites are a key component of Defendant's popular and lucrative commercial enterprise.

28. The Websites are monetized in that they contain paid advertisements and, upon information and belief, Defendant profits from these activities.

29. The Websites are monetized in that they provide sports betting analytics and, upon information and belief, Defendant profits from these activities.

30. On or about May 22, 2021, Defendant displayed Photograph 1 on Website 1 as part of an on-line story at URL https://www.knupsports.com/nba/playoff-preview-celtics-nets/. A copy of a screengrab of Website 1 including the Photograph is attached hereto as Exhibit 2.

31. Photograph 1 was stored at URL: https://www.knupsports.com/wp-content/uploads/2021/05/celticsnets-1280x640.jpg.

32. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on Website 1.

33. Plaintiff first observed and actually discovered the Infringement on April 11, 2022.

34. On or about November 2, 2021, Defendant displayed Photograph 2 on Website 2 as part of an on-line story at URL https://www.baseballspotlight.com/mets-part-ways-with-acting-gm-zack-scott/. A copy of a screengrab of Website 2 including Photograph 2 is attached hereto as Exhibit 2.

35. Photograph 2 was stored at URL: https://www.baseballspotlight.com/mets-part-ways-with-acting-gm-zack-scott/.

36. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 2 on Website 2.

37. Plaintiff first observed and actually discovered the Infringement on April 11, 2022.

38. On or about August 13, 2021, Defendant displayed the Photograph on Website 2 as part of an on-line story at URL https://www.baseballspotlight.com/noah-syndergaard-to-work-in-relief/. A copy of a screengrab of Website 2 including Photograph 3 is attached hereto as Exhibit 2.

39. Photograph was stored at URL: https://www.baseballspotlight.com/noah-syndergaard-to-work-in-relief/.

40. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 3 on Website 2.

41. Plaintiff first observed and actually discovered the Infringement on April 11, 2022.

42. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter, all of the unauthorized uses set forth above are referred to as the "*Infringements*").

43. The Infringements included a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

44. The Infringements are exact copies of Plaintiff's original images that

5

were directly copied and displayed by Defendant on the Websites.

45. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

46. Upon information and belief, Defendant directly contributes to the content posted on the Websites by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Griffin Carroll whose LinkedIn lists him, at the time of the Infringements, as a Content Writer for Defendant's Website and Timothy Kim who has written numerous previous articles for the Websites (the "*Employees*").

47. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

48. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

49. Upon information and belief, the Photographs were willfully and volitionally posted to the Websites by Defendant.

50. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

51. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

52. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

53. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Websites.

54. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

55. Upon information and belief, Defendant monitors the content on its Websites.

56. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

57. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in the revenues generated via its paid advertising and/or sports betting analytic services.

58. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Websites.

59. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

60. Plaintiff created the Photographs with the intention of it being used commercially and for the purpose of display and/or public distribution.

61. Defendant's use of the Photographs harmed the actual market for the Photographs.

62. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

63. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

64. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

65. The Photographs are original, creative works in which Plaintiff owns a

valid copyright.

66. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

67. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

68. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

69. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

70. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Websites.

71. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

72. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable

attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

73. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

74. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

   f.  for any other relief the Court deems just and proper.

DATED: May 4, 2023

                  **SANDERS LAW GROUP**

                  By: */s/ Craig Sanders*
                  Craig Sanders, Esq. (Fla Bar 985686)
                  333 Earle Ovington Blvd, Suite 402
                  Uniondale, NY 11553
                  Tel: (516) 203-7600
                  Email: csanders@sanderslaw.group
                  File No.: 126546

                  *Attorneys for Plaintiff*